# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**FREDRICK GOREE,**                                                        **PLAINTIFF**

**V.**                                                                              **NO. 4:08CV132-P-D**

**"UKNOWN" GOODEN, et al.,**                                        **DEFENDANTS**

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains about a correction officer Defendant Gooden and her lack of professionalism. Specifically, Plaintiff complains that Gooden addressed him with vulgar language. Plaintiff also complains that the remaining Defendants were unprofessional in processing his grievance. Plaintiff is seeking injunctive relief and monetary damages.

### Physical Injury Required for Compensatory Damages

The Prison Litigation Reform Act provides in part, "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In a case filed under 42 U.S.C. § 1983, a prisoner plaintiff must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Id.*; *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of a definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Here, Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Accordingly, Plaintiff's complaint concerning verbal threats or unprofessional conduct by a guard is not worthy of § 1983 relief. *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. Feb. 15, 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury).

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Goree is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 21st day of November, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE